UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEREMY A. STEELE,<br><br>        Plaintiff,<br>  v.<br><br>CORRECTIONAL OFFICERS: C.O.<br>AYOTTE, C.O. OLSEN, CORRIGAN<br>CORRECTIONAL CENTER; and JOHN<br>DOE, UCONN HOSPITAL EMPLOYEE,<br><br>        Defendants. | Civil Action No.<br>3: 17 - CV - 1370 (CSH)<br><br><br><br><br><br>JUNE 14, 2018 |

**RULING ON MOTION TO AMEND COMPLAINT [DOC. 9] and
MOTION TO APPOINT COUNSEL [DOC. 14]**

**Haight, Senior District Judge:**

### I. BACKGROUND

On August 11, 2017, *pro se* plaintiff Jeremy A. Steele, currently incarcerated at MacDougall-Walker Correctional Institution ("MacDougall-Walker") in Suffield, Connecticut, commenced a civil action pursuant to 42 U.S.C. § 1983 against Correction Officers Ayotte and Olsen, alleging violations of his Eighth Amendment rights. He also brought a state law claim for negligence against John Doe, a truck driver employed at UCONN Hospital.

This Court issued its Initial Review Order ("IRO") [Doc.6] on February 6, 2018, permitting Steele's Eighth Amendment claim for deliberate indifference to safety to proceed against Ayotte and Olsen in their individual capacities for damages. The Court ruled that Steele stated a plausible claim that the two officers failed to secure him with a seatbelt, despite his repeated requests, and also engaged in reckless conduct (sharing videos on their cell phones) as they drove Steele in a prison

1

van to the UCONN Hospital. The Court clarified that this claim was "plausible only as to the drive to the hospital, and not to the period while the van was parked in the loading dock [at the hospital]." *Steele v. Ayotte*, No. 3: 17-CV-1370 (CSH), 2018 WL 731796, at *15 (D. Conn. Feb. 6, 2018). Plaintiff thus "may not recover compensatory damages resulting from the collision with the truck under this claim" because he "does not allege that he suffered any injury as the result of his seatbelt being unfastened during the earlier drive to the hospital."[1] *Id.* It was during that drive that the defendants allegedly engaged in their reckless conduct of viewing cell phone videos as Ayotte drove. Viewing a cell phone while the van was parked was negligent at best.

However, Plaintiff may recover "nominal damages, in the amount of $1.00" from the two officers for the trip to UCONN Hospital because a § 1983 litigant "is entitled to an award of nominal damages upon proof of a violation of a substantive constitutional right even in the absence of actual compensable injury." *Id.* (quoting *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 317 (2d Cir. 1999)). Plaintiff was not injured on the way to the hospital (during the officers' allegedly

---

[1] With respect to the subjective element of Plaintiff's Eighth Amendment claim against the officers for deliberate indifference to safety, the Court held that Ayotte's cell phone use while the van was parked at the hospital d[id] not rise to the level of recklessness." 2018 WL 731796, at *10. The Court explained as follows:

> Granted, the vehicle was parked near a busy loading dock and Ayotte was immersed in using his cell phone, failing to heed the activity of neighboring vehicles and even Plaintiff's shouted warnings of an impending collision. Doc. 1, at 4, ¶¶ 13-14; at 5, ¶ 19. Unfortunately, Plaintiff was unable to brace himself for the impact of the truck in light of his physical restraints and, resultingly, sustained permanent injuries to his lower back. *Id.*, at 5, ¶ 22; at 3, ¶ 1. Nonetheless, when a vehicle is parked, the driver may reasonably believe it is safe to use his phone. After all, the vehicle is stopped and out of traffic. At most, becoming immersed in one's phone while parked off the road may be viewed as negligent failure to observe the surrounding circumstances.

*Id.* Plaintiff's claim thus lacked sufficient factual allegations to prove that Ayotte's cell phone use while parked was "something more than mere negligence." *Id.*

reckless conduct) so only nominal damages may be awarded.

The Court dismissed Steele's Eighth Amendment claim for deliberate indifference to medical needs against Ayotte and Olsen based on their refusal to permit him to remain in the emergency room at UCONN until he received medical treatment following the transport van's collision with the truck. Ayotte and Olsen had waited "for over an hour for an emergency room doctor to become available" before deciding "to return to Corrigan, where Plaintiff could also be examined by medical personnel." *Id.*, at \*11. Plaintiff's self-described symptoms included "discomfort in his lower back and neck;" and "[c]omplaints of discomfort do not rise to the level of a serious medical need." *Id.*, at \*11-12 (gathering cases)

Finally, the Court dismissed Plaintiff's state law negligence claim against Doe, the truck driver, for failing to state a claim upon which relief may be granted. No facts alleged that the conduct of the truck driver, in backing up too fast and hitting the prison van at the loading dock, was anything more than negligent. "A negligent motor vehicle accident, in and of itself, is not actionable under 42 U.S.C. § 1983." *Id.*, at \*13 ( citing *Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 436 (S.D.N.Y. 2004)).

On March 16, 2018, Steele filed a motion to amend his complaint [Doc.9] "in light of [his] injuries, due to the accident caused by the defendants." In support of his motion, Steele reminded the Court that he is an inmate in state prison with no litigation experience, no law library, and no "inmate legal assistance." Doc. 9, at 2. He then proceeded to argue that he "suffered neck and lower back injuries" due to the two officers' refusal "to strap him in with a seatbelt for his safety." *Id.* Plaintiff concluded by stating that his injuries are "ongoing." *Id.*, at 3. Steele attached no amended complaint to his motion. The two officer defendants filed their answer [Doc.12] to the initial

3

complaint on April 10, 2018.

In addition to his motion to amend, Plaintiff has filed a "Motion for Appointment of Counsel" [Doc. 14], requesting that the Court appoint *pro bono* counsel to represent him. The Court resolves both the motion to amend and the motion to appoint counsel herein.

## II. DISCUSSION

**A.     Motion to Amend**

Pursuant to Rule 15(a), Fed. R. Civ. P., a plaintiff may amend his complaint once as a matter of course within twenty-one days after service of the complaint or within twenty-one days after service of a responsive pleading (*i.e.*, answer or motion to dismiss) or of a Rule 12(b), (e), or (f) motion, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1)(A) and (B). *See also, e.g., Baines v. Pillai,* No. 3:16-CV-01374 (CSH), 2017 WL 1375168, at *1 (D. Conn. Apr. 10, 2017)*; Taurus B, LLC v. Esserman,* No. 3:14-CV-715 CSH, 2014 WL 4494398, at *1 (D. Conn. Sept. 12, 2014); *O'dell v. Bill*, 13 Civ. 1275 (FJS/TWD), 2015 WL 710544, *44 (N.D.N.Y. Feb. 18, 2015). In all other cases, the plaintiff may amend his complaint only with "the opposing party's written consent or the court's leave," which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2).

In the present case, the IRO was filed on February 6, 2018, ordering service of the complaint on defendants within twenty-one days of entry of that order. 2018 WL 731796, at *16. Ayotte's waiver of service was filed on February 20, 2018, and Olsen's waiver on March 2, 2018. Doc. 7, 8. Steele signed his motion to amend on March 15, 2018, and the Clerk filed it the following day. Doc. 9. The motion to amend was thus filed within 21 days after the second defendant waived service. Furthermore, a complaint is a pleading "to which a responsive pleading is required," so that under

4

Rule 15(a)(1)(B), Plaintiff could amend as a matter of course within 21 days after the defendants answered his complaint. They did not answer till April 10, 2018, Doc. 12, twenty-five days after Plaintiff filed his motion to amend. Under these circumstances, Steele is entitled to amend his complaint once as a matter of course under Rule 15(a)(1).

However, Plaintiff has failed to present an amended complaint for filing. He has only filed a motion to amend. Unless and until he files his proposed amended complaint, the Court cannot carry out its duty under 28 U.S.C. § 1915A to screen any amended claim to determine whether it may proceed. Specifically, the Court must perform a *sua sponte* initial review of a prisoner's claims against governmental entities or their officers. If any claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief," that claim must be dismissed. *See* 28 U.S.C. § 1915A(b)(1)-(2).[2]

In compliance with Second Circuit authority, the Court construes the Plaintiff's pleadings, in this case his motion to amend, liberally in light of his *pro se* status. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). From the language in Plaintiff's motion to amend, it appears he simply wishes to amend his complaint to include allegations that the pain in his lower back and neck continue. He thus states, "Plaintiff['s] injuries are still ongoing as he continues to receive treatment for his permanent injuries." Doc. 9, at 3. As in his prior complaint, he states that his injuries were caused due to the lack of a seatbelt during the collision when the truck hit the van at the hospital's loading

---

[2] In addition, because Plaintiff is a prisoner who is proceeding *in forma pauperis*, the Court must "dismiss the case at any time if [it] determines that – . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915 (e)(2).

dock. Plaintiff is permitted to amend to include additional facts. He is reminded, however, that the claim against truck driver Doe was dismissed as a matter of law because Plaintiff alleged that the driver acted negligently and "mere negligence is insufficient as a matter of law to state a claim under section 1983." 2018 WL 731796, at *15 (quoting *Poe v. Leonard*, 282 F.3d 123, 145 (2d Cir. 2002) (citation omitted)).

Moreover, as set forth *supra*, the Court has allowed Plaintiff's Eighth Amendment claim for deliberate indifference to safety to proceed against Ayotte and Olsen in their individual capacities for damages. However, "[a]s the Second Circuit clarified in *Jabbar* [*v. Fischer*,] 683 F.3d [54, ] 58 [(2d Cir. 2012)], "the failure to provide a seatbelt is not, in itself [a] sufficiently serious" deprivation to meet the objective prong of the Eighth Amendment standard because such a seatbelt "is not a life[ ] necessity." 683 F.3d at 58. "[T]he failure of prison officials to provide inmates with seatbelts does not, without more, violate the Eighth or Fourteenth Amendments." *Id.* Therefore, it was the alleged recklessness of the two officers in looking at cell phone videos without securing Plaintiff's seatbelt *during the drive to the hospital* that supported an Eighth Amendment claim. From the facts alleged, no collision or injury to Plaintiff occurred during that drive. As the Court stated in its IRO, while the van was parked, the two officers had no duty to secure the seatbelt and Ayotte was merely negligent in viewing his cell phone.[3]

In sum, in light of Plaintiff's desire to amend his complaint to supplement his factual allegations and the fact that he filed his motion to amend during the permitted period to amend as

---

[3] Even the State of Connecticut Department of Correction Administrative Directive 6.4 only provides that "Transportation staff and each inmate in all vehicles ... shall use seat belts *while en route*." D.O.C. Admin. Dir. 6.4, ¶ 19.A. ("Safety. Seat Belts.") (emphasis added). When the van was parked at the loading docks, it was between trips – not "en route."

a matter of course, the Court will grant the motion for leave to amend. Plaintiff must, however, file his amended complaint on the docket, after which the Court will, if necessary, perform its statutorily mandated review (*i.e.*, if Plaintiff adds new claims therein).[4]

B.      **Motion for Appointment of Counsel**

On June 5, 2018, Plaintiff filed a "Motion to Appoint Counsel" [Doc. 14], requesting that the Court appoint *pro bono* counsel to represent him. Pursuant to 28 U.S.C. §1915(e), the Court may appoint *pro bono* counsel to represent an indigent litigant. *See* 28 U.S.C. §1915(e)(1); *see also Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). The decision as to whether to appoint counsel for a *pro se* party is left to the discretion of the Court, which considers criteria including "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

"As a threshold matter, . . . the district court must consider the merits of the indigent's claim" because "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Hodge*, 802 F.2d at 60 (citations and internal quotation marks omitted). Thereafter, other factors to consider include, *inter alia*, "the nature of the factual issues the claim presents," the type of "factual investigation" or discovery that will be involved,

---

[4] Plaintiff is reminded that he previously alleged injury to his lower back in his original complaint. Doc. 1, ¶¶ 21-22, 40-43. However, this injury occurred after the reckless activities of Ayotte or Olsen in driving to the hospital ceased. "[T]he failure of prison officials to provide inmates with seatbelts does not, without more, violate the Eighth or Fourteenth Amendments." *Jabbar*, 683 F.3d at 58. Therefore, the addition of allegations regarding Steele's neck and back injuries will not expand the relief he may recover under his Eighth Amendment claim. If his claim succeeds, he is still only entitled to nominal damages (*i.e.*, $1.00). His injury during the collision at the loading dock was caused by the negligence of driver Doe, not by recklessness of Ayotte or Olsen.

7

"whether the factual issues turn on credibility," and "the plaintiff's apparent ability to present the case." *Id.*, at 61-62. As the Second Circuit summarized in *Hodge*, after a threshold showing is made that the claim "seems likely to be of substance," factors the court should consider regarding appointment of *pro bono* counsel include "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id.*

In the case at bar, Plaintiff has been granted *in forma pauperis* status because he is indigent. Doc. 2, 5. He is incarcerated and represents that he has no present income and $1.89 in his prison checking or savings account. Doc. 14, at 1-3. Plaintiff has also indicated that he has made certain efforts to obtain an attorney, as he has contacted more than three separate attorneys or firms "to no avail." *Id.*, at 5. Although the Court is satisfied that Plaintiff is unable to afford to retain private counsel, he must also make a threshold showing of merit. Even if his sole remaining Eighth Amendment claim against Ayotte and Olsen is not frivolous, counsel may be unwarranted if his "chances of success are extremely slim." *Hodge*, 802 F.2d at 60 (citation omitted).

At this early stage of the proceedings, the Court cannot determine whether Plaintiff will be able to prove the allegations of his complaint – *i.e.*, whether his claim possesses sufficient merit to warrant the appointment of counsel. No proof has been presented at this stage of the litigation and there is no additional information in Plaintiff's "Motion to Appoint Counsel" that would suggest that his case presents a likelihood of success.

Furthermore, even if it has merit, the one remaining claim in the action is Plaintiff's federal

claim against defendants Ayotte and Olsen, pursuant to 42 U.S.C. § 1983, for deliberate indifference to his safety in violation of the Eighth Amendment. According to the complaint, on October 28, 2016, the two corrections officers failed to hook Plaintiff's seatbelt, despite his repeated requests, in conjunction with their reckless conduct (sharing videos on their cell phones as Ayotte drove the van to the hospital). However, Plaintiff does not allege that he was injured during that ride to the hospital so may only recover nominal damages for a constitutional deprivation. Absent relevant compensatory damages, it is unlikely that Plaintiff's claim will prove sufficiently complex on a factual level, or difficult to present, to warrant appointment of counsel. Rather, the issues presented in Plaintiff's case appear discrete and relatively straightforward. *See, e.g., Parks v. Smith*, 505 F. App'x 42, 43 (2d Cir. 2012) ("[S]econdary factors weighed against the appointment of counsel, since the issues presented in Parks' action were not overly complex and Parks was able to effectively litigate his case without counsel . . . ."). Accordingly, the Court will deny plaintiff's motion to appoint counsel at this time, without prejudice.

The Court is sympathetic that Plaintiff is a *pro se* litigant. However, "there is no constitutional right to appointment of counsel for litigants in civil cases." *Parks*, 505 F. App'x at 43. Unless or until there are demonstrated circumstances to warrant the appointment of *pro bono* counsel, the Court will deny Plaintiff's request for said appointment.

### III. **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to amend his complaint [Doc. 9] is GRANTED. Pursuant to Rule 15(a)(1), Fed. R. Civ. P., he may amend his complaint once as a matter of course. Moreover, because Plaintiff has made no request to reinstate defective claims, but seeks to supplement the facts alleged, the Court finds no need at this time to re-issue rulings in its IRO on the

9

one remaining claim in the action: Plaintiff's federal claim against defendants Ayotte and Olsen, in their individual capacities, pursuant to 42 U.S.C. § 1983, for deliberate indifference to his safety in violation of the Eighth Amendment. That claim remains plausible for relief of nominal money damages. Steele is directed to file his amended complaint on or before **July 16, 2018**.

At this early state of the proceedings, the Court DENIES, without prejudice, Steele's motion for appointment of counsel [Doc. 14]. There is no constitutional right to counsel in a civil case; and the Second Circuit has cautioned against the "routine appointment" of said counsel." *Cooper*, 877 F.2d at 174. Absent the requisite threshold showing that a claim has merit, as well as additional facts to warrant the need for counsel, the Court will not appoint counsel at this time.

The foregoing is So Ordered.

Signed: New Haven, Connecticut
June 14 , 2018

<u>/s/Charles. S. Haight, Jr.</u>
CHARLES S. HAIGHT, JR.
Senior United States District Judge